UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Shannon Johnson, ) | C/A No. 5:13-cv-00801-SB-KDW | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | ORDER | |
| Greenville County Detention Center, ) | | |
| Scott "Scotty" Bodiford, et al., ) | | |
| ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Compel, ECF No. 32, and Plaintiff's Motion for Extension of Time to Complete Discovery, ECF No. 35. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

Federal Rule of Civil Procedure 37 provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 929 (4th Cir. 1995) (holding the "Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (holding "[a] motion to compel discovery is addressed to the sound discretion of the district court.").

In his Motion to Compel, Plaintiff seeks an order compelling Defendant Bodiford to respond to Interrogatory Numbers 1, 2, 3, 8, 9, 10, 14, 15, 16, 17, 18, 21 and 22. ECF No. 32 at 1. Plaintiff contends that these Interrogatories are related to "the issues of discrimination based on race and sex, as well as 'equal protection' violations," which were raised in Plaintiff's pleadings. *Id.* at 3. Plaintiff argues that "many of the questions Defendant refused to answer serve to substantiate (if answered in affirmation of Plaintiff's pleadings) the allegations raised in Plaintiff's Complaint," and are therefore discoverable material. *Id.* at 4. Plaintiff also seeks $1500 "as reasonable expenses in obtaining" the requested relief. *Id.* at 5. Defendants oppose Plaintiff's motion arguing that the "information sought is not relevant to [Plaintiff's] claims." ECF No. 34 at 4. The court will address each disputed interrogatory in turn:

  a. **Interrogatory 1:** What is the length and width of "E" Block (in terms of 'foot' measurements)?
     - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

  b. **Interrogatory 2:** What is the square footage of "E" Block in terms of "livable" space (in other words, the space not taken up by tables, bunks, toilets, sinks, showers, etc.)?
     - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

  c. **Interrogatory 3:** What is the total square footage of "E" block?
     - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

  d. **Interrogatory 8:** In the month of March, 2011, were the following units equipped with functioning and/or monitored cameras (and please specify whether the cameras were function and/or monitored, or at least assumed to be, as well as the total number of cameras in each unit)? "B" Block? "C" Block? "SHU A"? "SHU B"? "SHU C"? "SHU-D"? "3A"? "3B"?, etc.?
     - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

e. **Interrogatory 9:** What are the maximum capacities of each of the following units? "S and T" Block? "U and V" Block? "E" Block? "Green" Pod? "Red" Pod? "H" Block? "F" Block? "K" Block? "2B" "SHU-A" (# of detainees)?
    - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

f. **Interrogatory 10:** Which of the housing units listed in Questions #8 and #9 have dedicated recreation areas, particular to the specific unit (if certain units have more than one recreation area, please specific which)?
    - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

g. **Interrogatory 14:** If a detainee is placed on "SHU status," how much television is he/she allowed each day?
    - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

h. **Interrogatory 15:** If a detainee is placed on "SHU status," is he/she allowed to possess, store, or use a personal radio (with headset), if they own one (in their cell)?
    - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

i. **Interrogatory 16:** Can a radio purchased from the jail store ("canteen") if a detainee is on "SHU status"?
    - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

j. **Interrogatory 17:** Can a detainee possess, store, purchase, or consume food from the "canteen" while he/she is on "SHU status" (in their cell)?
    - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

k. **Interrogatory 18:** How many photographs is a detainee allowed to possess or store (in their cell) on "SHU status"?
    - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

- l. **Interrogatory 21:** What is the total, maximum number of books (religious and/or non-religious including bibles, qur'ans, talmuds, novels, comic books, etc.), magazines, and/or newspapers each detainee is allowed to possess, use, or store, in their cells, while on "SHU status"?
  - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

- m. **Interrogatory 22:** Are detainees, on "SHU status," allowed to possess or store ink pens in their cells?
  - Defendants objected arguing that the Interrogatory seeks information that is not relevant or calculated to lead to discovery of relevant or admissible evidence.

The court has reviewed Defendants' objections to Plaintiff's Interrogatories and finds that Defendants' relevancy objections are well founded. Plaintiff's lawsuit outlines claims stemming from an inmate assault, inadequate security, and improper medical treatment. *See* ECF No. 1. Accordingly, interrogatories related to the size of cell blocks, maximum (housing) capacities of units, the functioning of cameras in areas of the jail (not related to Plaintiff's assault), privileges available to "SHU" detainees, and dedicated recreation areas are not related to Plaintiff's claims or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff's Motion to Compel, ECF No. 32, is therefore **denied.**

Plaintiff also seeks to extend the discovery deadline in this matter, arguing that he needs more time to complete discovery because Defendant Bodiford only partially answered the discovery that is the subject of his Motion to Compel. ECF No. 35 at 2. Plaintiff argues that his deadlines should be extended because the court has not ruled on his motion to compel. *Id.* Based on the reasons stated herein, Plaintiff's Motion to Extend Discovery, ECF No. 35, is also **denied.**

IT IS SO ORDERED.

September 9, 2013                         Kaymani D. West
Florence, South Carolina                  United States Magistrate Judge