UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Christopher Shannon Johnson, | ) | |
|---|---|---|
| | ) | C/A No. 5:13-cv-00801-SB-KDW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Greenville County Detention Center, | ) | |
| Scott "Scotty" Bodiford, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Amend/Correct Complaint, ECF No. 44, Motion for Issuance of Subpoena, ECF No. 45, and Motion for Reconsideration and Motion to Compel, ECF No. 49, and Motion for Extension of Dispositive Motion Deadline, ECF No. 53. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

**<u>Motion to Amend/Correct Complaint, ECF No. 44</u>**

Plaintiff moves to amend his complaint and requests that the court grant him leave to:

- Substitute the names of Sgt. Joseph Etris, Ofc. Jonathan Wallace, Ofc. Lundy Holbrook, Ofc. William Marshall, Ofc. Timothy Richardson, and Ofc. Derrick McFadden, for his use of "John/Jane Does" 1, 2, 3, 4, 6, 7 in paragraphs in his Complaint.

- Substitute the name "Sgt. Anderson" with the name "Sgt. Vernetta Crouch."

- Drop John/Jane Doe #5, #8, and Greenville County Detention Center as Defendants.
- Add the first name for Defendants McKinney, Lt. Leonard, and Sgt. McCombs
- Add the County of Greenville, South Carolina as a Defendant.
- Add James Dorriety as a Defendant.

ECF No. 44 at 1-6. Defendants oppose Plaintiff's motion arguing that Plaintiff's motion is untimely and futile. ECF No. 47

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend their pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)(emphasis in original).

While leave to supplement and amend "shall be freely given," in this instance justice requires that the Plaintiff's motion, which include efforts to add new parties and new events to his suit, should be granted in part, and denied in part. The court grants the portion of Plaintiff's motion that seeks to substitute the name "Sgt. Anderson" with the name "Sgt. Vernetta Crouch,"[1] adds the first name for Defendants "Brian" Leonard, "Jason" McCombs and "Anthony" McKinney, and drops John/Jane Doe #5 and #8, and Greenville County Detention Center as Defendants.

---

[1] Defendants corrected the mis-identification of Vernetta Crouch in their Answer to the Complaint. See ECF No. 18.

The court has reviewed Plaintiff's Original Complaint and finds that Plaintiff's Complaint does not contain any allegations against John/Jane Does 1, 2, 3, 4, 6, and 7. It would therefore be futile to allow that Plaintiff to substitute the John/Jane Does with the names of Greenville County Detention Center employees. Accordingly, this portion of Plaintiff's motion is denied. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile.").

Addressing Plaintiff's motion to add the County of Greenville, South Carolina and James Dorriety as Defendants, the court finds that these proposed amendments should also be denied due to futility. The court finds that Plaintiff has failed to demonstrate, or even allege, that Greenville County or James Dorriety personally participated in any of the events giving rise to the proposed Amended Complaint. When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Aylor v. Town of Culpeper*, No. 96-1438, 1996 WL 671340 at *1 (4th Cir. Nov. 20, 1996)(defendant properly dismissed when he was not directly involved in the incidents surrounding the action); *Simmons v. Stokes*, C/A No. 5:11-175-RMG-KDW, 2012 WL 3134221 at *7 (D.S.C. June 20, 2012)(dismissal of defendants proper when amended complaint failed to raise specific factual allegations against them).

To the extent Plaintiff is attempting to hold Greenville County or James Dorriety liable in their capacity as supervisors at Greenville County Detention Center, the case is also subject to summary dismissal. A § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Further, while supervisory officials may be held liable for constitutional injuries inflicted by their subordinates in some circumstances, certain criteria must first be established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A plaintiff must show that the supervisory official was (1) actually or

constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. In this case, Plaintiff's proposed amendments do not present any facts that demonstrate that Greenville County or James Dorriety had been made aware of any pervasive or unreasonable risk of constitutional injury to Plaintiff, or had been deliberately indifferent to any such risk. Because Plaintiff has not alleged facts that show that Greenville County or Dorriety are liable in an individual or supervisory capacity, Plaintiff's motion to amend his Complaint to add new claims against Greenville County and Dorriety is denied.

**Motion for Issuance of Subpoena, ECF No. 45**

On September 16, 2013, Plaintiff filed a motion seeking to subpoena from Greenville County Detention Center ("GCDC") and County of Greenville, South Carolina, records and associated reports and witness statements, for all assaults and/or fights within GCDC from 2008 to 2012. ECF No. 45 at 2. Defendants oppose Plaintiff's motion arguing that the motion is untimely, seeks irrelevant information, is overly broad, and imposes an undue burden on a non-party. ECF No. 48 at 3-7.

The court finds that Plaintiff's Motion for Subpoena should be denied as untimely. The court's Amended Scheduling Order required discovery to be completed by September 27, 2013. ECF No. 30. Plaintiff's Motion for Subpoena, however, sets a date and time for production of the requested documents for October 22, 2013 at 5 p.m., a deadline that is beyond the date that discovery was to be completed. Accordingly, Plaintiff's Motion for Subpoena, ECF No. 45, is denied.

**Motion for Reconsideration and Motion to Compel, ECF No. 49**

Plaintiff asks the court to reconsider its order denying his Motion to Compel and Motion to Extend Discovery, ECF No. 42, entered by this court on September 9, 2009. Plaintiff contends it was error for the court to decline to compel Defendants to answer his discovery requests concerning the "specific size and dimensions of 'E' Block" and find that these discovery requests were irrelevant to the issues in his Complaint. ECF No. 49 at 2. Plaintiff argues that this information is relevant to a potential "comparative negligence" defense that he reasonably assumed would be asserted by Defendants. *Id.* at 2-3. Plaintiff argues that the information related to the dimensions of "E" Block would "serve to demonstrate, plainly, that, if Plaintiff were asked 'why' he did not attempt to 'flee' the assault, there was no other area to 'flee' to." *Id.* at 3. Plaintiff further argues that the court erred when it denied his motion to compel Defendants to provide information about the video equipment in specified areas of GCDC. ECF No. 49 at 5. Plaintiff contends that this information is relevant because it would show that "'similarly situated' persons in [GCDC] . . . were not deprived the protection of camera monitoring, while Plaintiff, because of his gender and race, was." *Id.* at 6. Additionally, Plaintiff contends that it was erroneous for the court to decline to compel Defendants to answer discovery requests seeking the maximum capacity of certain cell blocks in GCDC. ECF No. 49 at 8. Plaintiff argues this information was needed to refute Defendants argument "that the 'old jail' dorms or units lack certain types of security features due to the number of detainees held in each area." *Id.* Plaintiff also alleges that his discovery request dealing with "the conditions he was subjected to, after the assault, within the detention's center 'SHU unit'" should not have been denied because he believes these conditions contributed to him contracting shingles. *Id.* at 8. The court has reviewed Plaintiff's objections and finds that Plaintiff's arguments do not

present new facts that establish exceptional circumstances that would warrant a reversal of its Order denying Plaintiff's Motion to Compel and Motion to Extend Discovery, ECF No. 42. Plaintiff's Motion for Reconsideration, ECF No. 49, is therefore denied.

Plaintiff also moves to compel Defendants to produce color photographs of his head injuries. ECF No. 49 at 9. Plaintiff contends that he was shown "multiple color and full sized "print-outs" of the cell area, Plaintiff's alleged 'co-combatant,' and Plaintiff's own injuries" during his disciplinary hearing on March 23, 2011. *Id.* at 9. Plaintiff argues that Defendants failed to produce a "single photo of Plaintiff's 'laceration.'" *Id.* at 9-10. Plaintiff requests that the court "order the Defendants to produce full-sized, color photographs of his injuries." *Id.* at 10. Plaintiff also seeks $5,000 as reasonable expenses in obtaining this order. *Id.* To the extent that they exist, Defendants are ordered to produce to Plaintiff the color photographs of his injuries that were utilized during Plaintiff's disciplinary hearing on or about March 23, 2011. Plaintiff's request for costs is denied.

**Motion for Extension of Time, ECF No. 53**

Plaintiff moves for an extension of the dispositive motion deadline arguing that "the court is currently entertaining motions related to the production of materials that would possibility allow for summary judgment." ECF No. 53. Plaintiff contends that insufficient time exists for "a comprehensive evaluation of said material, were production to be ordered." *Id.* Based on the court's ruling herein, Plaintiff's Motion for Extension of Time, ECF No. 53, is denied.

## Conclusion

Therefore, for the foregoing reasons, it is ORDERED Plaintiff's Motion to Amend/Correct Complaint, ECF No. 44, is Granted in part, and Denied in Part. The court **grants** the portion of Plaintiff's motion that seeks to substitute the name "Sgt. Anderson" with the name

"Sgt. Vernetta Crouch," adds the first name for Defendants "Brian" Leonard, "Jason" McCombs and "Anthony" McKinney, and drops John/Jane Doe #5 and #8, and Greenville County Detention Center as Defendants. The remaining requests in Plaintiff's motion are **denied.** The court **denies** Plaintiff's Motion for Subpoena, ECF No. 45, Plaintiff's Motion for Reconsideration, ECF No. 49, and Plaintiff's Motion for Extension of Dispositive Motion Deadline, ECF No. 53. In response to Plaintiff's Motion to Compel, ECF No. 49, Defendants are ordered to produce to Plaintiff the color photographs of his injuries that were utilized during Plaintiff's disciplinary hearing on or about March 23, 2011, to the extent such photographs exist. Plaintiff's request for costs is **denied.**

IT IS SO ORDERED.

October 31, 2013
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge