UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Shannon Johnson, | ) | C/A No. 5:13-cv-00801-DCN-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Report and Recommendation |
| Scott Bodiford, John/Jane Doe #1, Nurse Jane Doe #1, Nurse Jane Doe #2, John/Jane Doe #9, Sgt. Vernetta Crouch, Lt. Brian Leonard, Sgt. Jason McCombs, Detention Officer Anthony McKinney, John/Jane Doe#2-4, John/Jane Does #6-7 | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while detained at the Greenville County Detention Center ("GCDC"). This matter is before the court on Defendants' Motion for Summary Judgment filed on November 5, 2013. ECF No. 57. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on November 6, 2013, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 59. Plaintiff responded to Defendants' Motion for Summary Judgment on December 19, 2013. ECF No. 65. Defendants' motion is now ripe for consideration. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation is entered for the court's review.[2]

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

[2] Another pending motion is addressed within.

I.     Factual and Procedural Background

Christopher Shannon Johnson ("Plaintiff") was a pretrial detainee housed at GCDC during the time period relevant to his Complaint. ECF No. 1 at 2. Plaintiff is currently incarcerated at Lieber Correctional Institution ("LCI"). *Id.* Plaintiff filed his Complaint on March 26, 2013. Plaintiff asserts that "Fat Boy," a member of the "Bloods" street gang, assaulted him on March 17, 2011. ECF No. 1 at 14. Plaintiff maintains that Fat Boy attacked him after Plaintiff changed the television they were watching on the "E-Block" section of GCDC. *Id.* at 14-15. After the initial assault, Plaintiff asserts that Fat Boy and other inmates engaged in a cover-up and brought Plaintiff back to his cell and later to the shower area. *Id.* at 17. Plaintiff maintains that shift staff should have discovered his injuries so he would not go untreated. *Id.* at 18-19. Later, Plaintiff alleges that Fat Boy and other inmates hid Plaintiff in the shower area (where he was assaulted and lost consciousness) during the third-shift "walk-through." *Id.* at 20-21. Plaintiff argues that Officers failed to check his welfare during this walk-through. *Id.* at 22. Plaintiff was eventually wheeled out of the shower area, examined, and sent to the emergency room. *Id.* at 24-25. Plaintiff maintains that at the hospital he received twelve staples to close a scalp laceration and was diagnosed with a concussion. *Id.* at 25.

Upon his return to the GCDC, Plaintiff alleges he was denied requests for a shower, a clean mattress, and a fresh blanket. *Id.* at 25-28. Plaintiff alleges that his pain level increased once he was returned to general population, and he alleges that nurses failed to diagnose and treat his shingles outbreak. *Id.* at 33-34. Plaintiff seeks a preliminary and permanent injunction for GCDC's inadequate security, failure of the medical staff to diagnose his ailments, failure to protect and discover, deliberate indifference, and deprivation of a shower and mattress after a

serious injury. *Id.* at 35-42. Additionally, Plaintiff seeks compensatory damages, punitive damages, a jury trial, and costs. *Id.* at 42.

II.    Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a Complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor

3

can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

    III.    Analysis

Defendants contend that they are entitled to summary judgment on Plaintiff's claims because he has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF No. 57-1 at 10-14. Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative remedies. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739). Further, pretrial detainees, which Plaintiff was at all times relevant to these claims, are required to exhaust administrative remedies. *See* 42 U.S.C.A. 1997e(h) (defining "prisoner" for PLRA purposes as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *see also Rutland v. Dewitt*, C/A No. 8:09-13-SB, 2010 WL 288217, *5 & n.1 (D.S.C. Jan. 25, 2010) (applying PLRA to pretrial detainee).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers

4

before it is haled into federal court[.]" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement. Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

In support of their Motion for Summary Judgment, Defendants offer the affidavit of Scotty Bodiford who is the Jail Administrator of the GCDC. Bodiford Aff. ¶ 1, ECF No. 57-2 at 2. Officer Bodiford references and attaches the GCDC grievance procedure to his affidavit. *Id.* ¶ 16. The GCDC grievance procedure clearly sets out the appeals process if a grievance is not resolved to an inmate's satisfaction. Ex. A to Bodiford Aff., ECF No. 57-2 at 11-16. Bodiford attests that GCDC has no record of any appeals submitted by Plaintiff concerning any grievance forms he filed. Bodiford Aff. ¶ 20. Further, Bodiford attaches all complaints Plaintiff filed, including Plaintiff's medical complaints, to his affidavit. ECF No. 57-2 at 21-43. Defendants cite to these grievances and argue that of the medical complaints submitted to GCDC, none related to issues alleged in his Complaint. ECF 57-1 at 13. Thus, Plaintiff failed to file even initial grievances concerning issues he raised in his Complaint. Defendants therefore contend that

Plaintiff's claim should be dismissed because he has not exhausted his administrative remedies. *Id.* at 14. Defendants reference *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31 (1st Cir. 2002), for the proposition that an inmate should exhaust grievance procedures at the facility where his grievance occurred even though he was housed at a different facility when he filed his § 1983 Complaint. Specifically, the *Medina-Claudio* court held: "The fact that Medina–Claudio happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit." *Id.* at 35.

Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment only explains why he should be immune from exhausting available administrative remedies. In response, Plaintiff argues that he was a prisoner of the State of South Carolina when he "filed" his § 1983 action. ECF No. 65 at 19-20. Based on his prisoner status and the plain language of the PLRA, Plaintiff maintains there is no "exhaustion" requirement or bar to his action. *Id.* at 20. Specifically, Plaintiff contends that Defendants cannot demonstrate that an administrative remedy that is available to a county jail "detainee" is also available to a state "prisoner." *Id.* Essentially, Plaintiff argues that he was exempt from following the administrative remedy exhaustion requirement because he was released from GCDC to LCI before he filed this case. *Id.* at 19-22. Therefore, Plaintiff argues no administrative remedies were available to him at LCI, and he "need not exhaust." *Id.* at 20. Finally, Plaintiff attempts to distinguish cases Respondent references and relies on *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (holding that "litigants-like Greig-who file prison condition actions *after release from confinement* are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision.") (emphasis added). Here, Plaintiff was not released from confinement; the location of his confinement changed.

6

The undersigned has reviewed the evidence before the court, including the copies of the grievances Plaintiff filed concerning the allegations in his Complaint, and finds that Plaintiff did not exhaust his administrative remedies.  GCDC's grievance policy requires a grievance to be filed within "fifteen days after a potentially grievable event has occurred."  Ex. A to Bodiford Aff., ECF No. 57-2 at 12. Additionally, the policy allows inmates to file appeals within five days of notification of the Jail Administrator's decision on the grievance.  *Id.* at 13. Moreover, Plaintiff was a pretrial detainee at GCDC from October 8, 2010, until April 11, 2013, when he was transferred to the custody of the South Carolina Department of Corrections. Bodiford Aff. at ¶ 12, ECF No. 57-2 at 5. The alleged assaults involved in this case occurred in early 2011. ECF No. 1 at 14. Therefore, Plaintiff had more than ample time to file and appeal grievances while at GCDC.  Because Plaintiff failed to exhaust his available administrative remedies before filing this action, the undersigned recommends that Defendants' Motion for Summary Judgment be granted.  *See Pozo,* 286 F.3d at 1024 (holding that an inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983."); *see also Blevins v. Loranth*, No. 09-788-TLW-BM, 2010 WL 670099, at *3 (D.S.C. Feb. 22, 2010), ("Plaintiff needed to file and exhaust his administrative claim [] at FCI Williamsburg prior to proceeding with this lawsuit."); *Kirk v. Kirkland*, No. 0:06-1036 MBS-BM, 2006 WL 3759801 at *2 (D.S.C. Dec. 18, 2006) (finding that "before Plaintiff may proceed with his claim in this Court, he must first have exhausted any administrative remedies that were available at the Detention Center.") (both citing *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34-35 (1st Cir. 2002).

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 57, be GRANTED.  If the court accepts this recommendation, Defendants' pending Motion to Strike, ECF No. 68, will be moot.

IT IS SO RECOMMENDED.

May 14, 2014                                                              Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**